**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES A. MITCHELL, | : | |
| | | Civil Action No. 10-2618 (NLH) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| DONNA ZICKEFOOSE, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES**:

| | |
|---|---|
| James A. Mitchell | Mark Christopher Orlowski |
| #39718-054 | Office of the U.S. Attorney |
| FCI Fort Dix | District of New Jersey |
| P.O. Box 2000 | 402 East State Street |
| Fort Dix, New Jersey 08640 | Room 430 |
| Petitioner pro se | Trenton, NJ 08608 |
| | Attorney for Respondent |

**HILLMAN**, District Judge

Petitioner James A. Mitchell, a prisoner currently confined at FCI Fort Dix, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] naming Donna Zickefoose as

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

the sole respondent to the Petition.  Based on Petitioner's affidavit of indigence, the Court granted Petitioner leave to proceed in forma pauperis.  Respondent made an application for leave to file a Motion to Dismiss in Lieu of Answer.  The Court granted Respondent's request and the motion was filed on June 16, 2010.  Petitioner objected to the request to file the motion but has not responded to the motion itself.  The Court has reviewed all documents submitted.  Because this Court lacks jurisdiction to consider this Petition, and because it is not in the interest of justice to transfer the Petition, this Court will grant the Motion to Dismiss and dismiss the Petition for lack of jurisdiction.

I.   BACKGROUND

Petitioner is presently confined pursuant to a sentence imposed by the United States District Court for the Southern District of New York.  Petitioner pled guilty to 18 U.S.C. § 1951, interference with commerce by threat or violence and was sentenced on June 24, 1998 to 240 months and three years supervised release.  Petitioner claims that his sentence was improperly enhanced.

On February 1, 2001, Petitioner filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255 with the trial court, the United States District Court, Southern District of New York, under the caption  Mitchell v. U.S.A., civil docket number 1:01-

cv-00796-TPG.  That § 2255 motion was denied.  On June 10, 2003, the Court of Appeals denied Petitioner's application for a certificate of appealability.

## II.   DISCUSSION

A.  Standard of Review

Petitioner brings his Petition for a Writ of Habeas Corpus as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice,

3

transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

    B.  <u>Lack of Jurisdiction</u>

Here, the case lacks cause of action under § 2241 since, as noted by the Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  <u>See also</u> <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  <u>See</u> 28 U.S.C. § 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on

other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. Rather, it appears that he explicitly seeks to avoid the gatekeeping requirements of § 2255, which strictly limit the circumstances under which a prisoner can file a second or successive motion. Petitioner can not demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.

Here, the Petitioner challenges the imposition of his sentence, a challenge which would generally fall within the scope

of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement.  Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to timely and/or successfully challenge his conviction by direct appeal, § 2255 motion, or other motions for relief from judgment.  Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

Thus, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[2]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

---

[2] Although this Court is reclassifying Petitioner's petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion in the sentencing court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

Since the challenges presented here do not appear to be cognizable claims and since Petitioner has already filed a § 2255 motion with the trial court, it would not be in the interest of justice to transfer this Petition to the trial court, as a request for leave to file a second or successive § 2255 motion.

### III. CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss is GRANTED.  The petition will be dismissed with prejudice.  An appropriate order follows.


At Camden, New Jersey              /s/ NOEL L. HILLMAN
                                   Noel L. Hillman
                                   United States District Judge

Dated: December 13, 2010